NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD STEARNS,

      Plaintiff - Appellant,

  v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

      Defendant - Appellee.

No. 23-3875

D.C. No.
3:23-cv-00098-KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Karen S. Crawford, Magistrate Judge, Presiding

Submitted November 14, 2024[**]
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and ROSENTHAL, District
Judge.[***]

Richard Stearns appeals from the district court's order affirming the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lee H. Rosenthal, United States District Judge for the
Southern District of Texas, sitting by designation.

Commissioner of Social Security's denial of his application for disability benefits under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the agency's decision for legal error and its factual findings for substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020). We affirm.

Stearns argues that the administrative law judge (ALJ) erred by failing to provide "specific, clear, and convincing reasons" supported by substantial evidence for discounting Stearns's testimony about the severity and persistence of his headache symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). Specifically, Stearns claims that the ALJ erred because he "failed to identify [Stearns]'s testimony that the fewest number of headaches he has gotten since 2004 that require him to lie down in a dark quiet room is three a month." Stearns claims that as a result, it is "unclear whether the ALJ discounted that testimony."

The ALJ specified that he found not credible Stearns's "statements about the intensity, persistence, and limiting effects of his symptoms" because "through the date last insured the objective medical evidence indicates that the claimant's symptoms stabilized with treatment." Specifically, "progress notes indicate that his migraines were managed with trials of medication, physiotherapy, and acupuncture," and that, "[a]t follow up[s] from both of [Stearns's acute migraine] incidents, his symptoms resolved." The ALJ also cited specific medical notes demonstrating the conflicts with Stearns's subjective symptom testimony, such as

that at a doctor's visit three days before the date last insured in June 2013, Stearns denied having any "unusual headaches." *See Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (clarifying that the court looks "to *all* the pages of the ALJ's decision" in reviewing an ALJ's rejection of a claimant's subjective symptom testimony). Contrary to Stearns's suggestion, the reasons the ALJ gave, and the evidence he identified that supports them, are therefore adequate to "permit meaningful review," *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

By identifying Stearns's improvements with conservative treatment along with contradictions between Stearns's testimony and the medical record, the ALJ provided sufficient reasons to reject that testimony. *See Carmickle v. Commissioner of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039–40 (9th Cir. 2008) (stating that the ALJ may discredit symptom testimony where there is evidence of improvement with conservative treatment); *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007) (explaining that evidence of conservative treatment "is sufficient to discount a claimant's testimony regarding severity of an impairment").

Stearns suggests other possible interpretations of the treatment notes that are consistent with his testimony. He claims that the progress note explaining that the

"symptoms" were "completely resolve[d]" refers to his stroke-like symptoms but not his right-sided headache, and that he denied "unusual headaches" at his June 2013 doctor's visit only because that visit was for an unrelated issue. But the ALJ's alternative interpretation of the evidence is also rational, so "[w]e must uphold" it. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (quoting *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989)). To the extent that Stearns faults the ALJ for discounting his allegation that his "migraines prevented him from working" without expressly discounting his more specific testimony that they did so at least three times a month since 2004, that argument fails because an ALJ need not "perform a line-by-line exegesis of the claimant's testimony." *Lambert*, 980 F.3d at 1277.

**AFFIRMED.**